IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE:     GARY K. TATE, JR.,                                Case No. 10-35535-RSJ
           Debtor                                                       Chapter 7

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court <u>800 Market Street, Suite 330, Knoxville, TN 37902</u>, an objection within 14 (fourteen) days from the date this paper was filed and serve a copy on the movant's attorney, Wilson & Associates, P.L.L.C., 9050 Executive Center Drive, Suite 115-C, Knoxville, Tennessee 37923. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.**

## <u>MOTION FOR ABANDONMENT AND RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF THE BANKRUPTCY CODE</u>

Comes now Wells Fargo Bank, N.A., hereafter "Movant," through counsel, and for its Motion for Abandonment and Relief from the Automatic Stay, states:

1. It is the servicer of the deed of trust and deed of trust note originally executed by Catrice L Scott and Gary K. Tate, Jr. on December 8, 2006, securing payment in the principal sum of $99,711.00 to Wells Fargo Bank, N.A. This deed of trust covers the real property located at 3326 Selma Avenue, Knoxville, Tennessee 37914**,** said real property being more particularly described as follows:

> **SITUATED in District No. One (1) of Knox County, Tennessee, and within the 13th Ward of the City of Knoxville, Being all of Lot 8 Block F, Unit 3, Oakland Park Addition, as shown by**

> map of record in Map Book 15, Page 119, in the Register's Office for Knox County, Tennessee, and being more fully described as follows;
> BEGINNING at an iron pin in the southeast line of Selma Avenue, at the common corner of Lots 8 and 9; thence along the line of Lot 9, South 35 deg. 20 min. east, 159.55 feet to an iron pin in the northern line of Skyline Drive; thence along said line. South 86 deg.. 42 min. West, 210 feet to an iron pin; thence continuing along said line North 37 deg. 30 min. West, 48 feet to an iron pin in the southeasterly line of Selma Avenue; thence along said line. North 54 deg. 40 min. East, 180 feet to the place of BEGINNING; according to the survey of Batson and I limes. Engineers, Knoxville, lennessee, dated April 19, 1967.
> BEING the same property conveyed to Gary K. late and Catrice L. Scott by Warranty Deed from Reginald Staccy Sudderth, an unmarried person, dated
> ____ and recorded in Instrument No. 200612120048745, in the Register's Office for Knox County. Tennessee.

Copies of the deed of trust and deed of trust note are attached.

2. The Debtor is currently in default under said deed of trust and deed of trust note by virtue of the Debtor's failure to make the full regular monthly installment payments.

3. The Debtor has defaulted in the terms of the agreement between the parties and there is an approximate outstanding total balance due and owing on this obligation of $111,367.78, and the obligation is in arrears for the installment which was due on September 1, 2010, in the sum of $832.06, and subsequent installments which were due on the first day of each month thereafter.

4. As recited above, the Debtor has wholly failed to make payments to Movant on a regular basis, as provided in the deed of trust and deed of trust note. This failure constitutes a material default, which entitles Movant to relief pursuant to 11 U.S.C. §362(d)(1).

5. There is no reasonable likelihood that the Debtor can keep the payments current under the deed of trust note herein. Further, Movant is entitled to relief from the operation of the automatic stay pursuant to 11 U.S.C. §362(d) for the reason that the interest of Movant in the property referred to above will not be adequately protected if the stay is allowed to remain in full force and effect, and the Debtor is unable to demonstrate any reasonable likelihood that Debtor will be able to make payments to Movant as required to keep the collateral from deteriorating.

6. The Debtor has failed to provide Movant with adequate protection of its interest in the property by failing to maintain the deed of trust note payments to Movant. Therefore, the Court should grant Movant relief from the automatic stay to enable Movant to foreclose against and liquidate the property and, if appropriate, to file an unsecured claim in this Chapter 7 proceeding.

7. Movant would allege and aver that the current value of the collateral is $76,300.00 per the attached Schedule A; that it is entitled to relief from the automatic stay provisions of 11 U.S.C. §362(a); and that it is entitled to have the Trustee abandon its interest in and to the collateral pursuant to the provisions of 11 U.S.C. §554.

8. Movant would allege and aver that this is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2) and the Bankruptcy Rules.

9. Movant requests that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not apply in this case, thus permitting it to immediately enforce and implement an order granting relief from the automatic stay.

WHEREFORE, Movant prays:

A. That relief from the automatic stay provisions of 11 U.S.C. §362(d) be granted and that the Trustee be required to abandon its interest in and to the collateral pledged to Movant under the provisions of 11 U.S.C. §554.

B. Alternatively, that the Debtor be allowed to redeem the collateral by payment of all sums due and owing to Movant.

C. That Movant have such other and further relief, both general and specific, to which it may be entitled in the premises, including, but not limited to, a reasonable fee for the services of its attorney.

Respectfully Submitted,

/s/ John R. Roan
John R. Roan (026553)
Kimberly S. Cook (026248)
WILSON & ASSOCIATES, P.L.L.C.
9050 Executive Center Drive, Suite 115-C
Knoxville, Tennessee 37923
(865) 558-5688

Attorneys for Movant

## CERTIFICATE OF SERVICE

On December 20, 2010, copies of the Motion for Abandonment and Relief from the Automatic Stay and Order Granting Motion for Abandonment and Relief from the Automatic Stay were served via United States Mail, postage prepaid, or electronically via the electronic filing system (ECF) upon:

| | |
|---|---|
| Barbara W. Clark (ECF) | Ann Mostoller (ECF) |
| Attorney at Law | Trustee |
| 2415 East Magnolia Avenue | 136 South Illinois Ave., Ste. 104 |
| Knoxville, TN 37917 | Oak Ridge, TN 37830 |
| | |
| Gary K. Tate, Jr. (U.S. Mail) | US Trustee (ECF) |
| Debtor | Assistant U.S. Trustee |
| 2634 Lay Avenue | 800 Market Street, Suite 114, |
| Knoxville, TN 37914 | Howard H. Baker, Jr., U.S. Courthouse |
| | Knoxville, TN 37902 |

/s/ John R. Roan
John R. Roan
Kimberly S. Cook

W&A No. 717-200709
Loan No. xxxxxx4205

4